TONY WEST
Assistant Attorney General
Civil Division
TIMOTHY P. GARREN
Director, Torts Branch
MARY HAMPTON MASON
Senior Trial Counsel, Torts Branch
ANDREW D. SILVERMAN
Cal. Bar No. 246539
Trial Attorney, Torts Branch
Civil Division
United States Department of Justice
    P.O. Box 7146
    Ben Franklin Station
    Washington, D.C. 20044
    Telephone: (202) 616-4326
    Facsimile: (202) 616-4314
    Andrew.Silverman@usdoj.gov

Attorneys for Defendant, President Barack Obama.

**UNITED STATES DISTRICT COURT**
**DISTRICT OF ARIZONA**

| | |
|---|---|
| **Clark Hamblin,** | No. 2:09-CV-00410-PHX-ROS |
|     **Plaintiff,** | **PRESIDENT BARACK OBAMA'S OPPOSITION TO PLAINTIFF'S SECOND MOTION FOR DEFAULT JUDGMENT** |
| v. | |
| **Barack Obama and John S. McCain** | |
|     **Defendants.** | |

**INTRODUCTION**

Plaintiff Clark Hamblin seeks the extraordinary and disfavored remedy of a default judgment against President Barack Obama for $ 3,550,175.  Doc. 26.  This is Plaintiff's second motion for default judgment and, like the first, is premature and unwarranted and should be denied because he failed to properly serve the defendant (the President of the United States), and default judgment now, prior to proper service, would deprive the President of notice and an opportunity to be heard—essential tenants of due process.  Further, this suit is nothing more than a generalized grievance by the Plaintiff as a member of the public at large.  As such, he lacks standing, this Court lacks subject-matter jurisdiction, and this case should be dismissed with prejudice sua sponte.  Indeed, that is precisely the conclusion reached by the other courts considering these absurd challenges to President Obama's citizenship.  See, e.g., Hollister v. Soetoro, 601 F. Supp. 2d 179 (D.D.C. 2009) (dismissing the claims and ordering the attorney to show cause why the suit was not filed "for an improper purpose such as to harass" and why he should not be sanctioned); Dawson v. Obama, No. Civ. S-08-2754, 2009 WL 532617 (E.D. Cal. Mar. 2, 2009) (report and recommendation) (dismissing action sua sponte); Cohen v. Obama, No. 08-2150, 2008 WL 5191864 (D.D.C. Dec. 11, 2008) (dismissing sua sponte); Stamper v. United States, No. 1:08-cv-2593, 2008 WL 4838073 (N.D. Oh. Nov. 4, 2008) (dismissing action and certifying that an appeal of the dismissal "could not be taken in good faith"); Berg v. Obama, 574 F. Supp. 2d 509 (E.D. Pa. 2008).  Finally, Plaintiff has not established a right to relief on the merits, thus his motion for default judgment against a federal officer (indeed, the President of the United States) fails under the Federal Rules of Civil Procedure.[1]

---

[1] This opposition is filed on behalf of President Obama in his official capacity.  Although Plaintiff may attempt to argue that this suit is against President Obama in his personal capacity since it seeks money damages, Plaintiff's statement that "a finding in favor of Plaintiff . . . negat[es] the 2008 elections," resulting in a new election whereby Plaintiff can, in his words, "elect[] a legitimate President," doc. 19 at 7-8, reveals that this suit is in
(continued...)

I. **THIS COURT SHOULD DENY PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT BECAUSE PLAINTIFF FAILED TO SERVE THE PRESIDENT.**

Default judgment is only appropriate when a party "fail[s] to plead or otherwise defend" against a suit. Fed. R. Civ. P. 55(a). Accordingly, default is not available unless the time to respond to a suit has passed without a response. Under Rule 12, the time to respond to a suit does not begin to run until after "service." See Fed. R. Civ. P. 12(a)(1), (a)(2), (a)(3); see O'Callaghan v. Sifre, 242 F.R.D. 69, 73 (S.D.N.Y. 2007) ("A default judgment may not be granted . . . if the defendant has not been effectively served with process."); accord Mitchell v. Los Angeles Comty. Coll. Dist., 861 F.2d 198, 202 (9th Cir. 1988) (affirming district court's grant of motion to set aside default judgment based on improper service); Veeck v. Commodity Enter., Inc., 487 F.2d 423, 426 (9th Cir. 1973) (reversing, as an abuse of discretion, a district court's denial of motion to set aside default judgment for lack of service).

To serve a federal employee in his official capacity, a plaintiff "must serve the United States"—by delivering a copy of the summons and of the complaint to the United States Attorney for the district where the action is brought and sending a copy of the summons and of the complaint by registered or certified mail to the Attorney General of the United States in Washington, D.C., Fed. R. Civ. P. 4(i)(1)—"and also send a copy of the summons and of the complaint by registered or certified mail to the . . . employee." Fed. R. Civ. P. 4(i)(2) (emphasis added). Similarly, service on a federal employee sued in

---

[1](...continued)
actuality an official-capacity suit against the President and the United States seeking to vacate an election. Accordingly, this brief is filed by President Obama, in his official capacity, without prejudice to the President later filing a motion to dismiss the lawsuit pursuant to Rule 12(b), once Plaintiff perfects service.

In any event, nothing in this brief should be construed as a Rule 12 motion by the President in his official capacity. This brief merely opposes entry of default judgment for lack of service, subject-matter jurisdiction, and compliance with the dictates of the Federal Rules of Civil Procedure governing default judgments against officers of the United States and does not purport to raise all the defenses to which the President is entitled in a Rule 12 motion.

-2-

1  his or her individual capacity requires "a party [to] serve the United States and also serve
2  the officer or employee . . . ." Fed. R. Civ. P. 4(i)(3).  Under either standard—and again,
3  we believe that while Plaintiff purports to sue the President for money damages, this is, in
4  fact, an official-capacity suit—Plaintiff failed to properly serve the President here.
5       Specifically, Plaintiff failed to satisfy his "burden of establishing that service was
6  valid under Rule 4." Brockmeyer v. May, 383 F.3d 798, 801 (9th Cir. 2004); Hickory
7  Travel Sys., Inc. v. TUI AG, 213 F.R.D. 547, 551 (N.D. Cal. 2003).  In Plaintiff's Second
8  Request for Default Judgment, doc. 26, he contends that service occurred in compliance
9  with Rule 4 and cites to docket entries 7 and 8.  A review of those docket entries
10 establishes only that a copy of the original and amended complaints were sent by certified
11 mail to the President and White House counsel. See also doc. 23 (appearing to indicate
12 that the complaints were sent to 1600 Pennsylvania Ave., N.W., Washington, DC 20500).
13 Neither document, however, establishes that Plaintiff served the Attorney General or the
14 United States Attorney for the District of Arizona, both of which are required.[2]
15      Indeed, the premise of Plaintiff's motion—that the President has not responded to
16 the suit as required—is flawed. See Wagner, 214 F.R.D. at 81.  Because Plaintiff failed
17 to properly serve the President, the President is not yet obligated to respond to the suit and
18 is not in default. Cf. Hovey v. Elliot, 167 U.S. 409, 445 (1897) (finding that any
19 judgment entered by a court is "void" if a party who has not entered an appearance was
20 not properly served); Mason v. Genisco Tech. Corp., 960 F.2d 849, 851 (9th Cir. 1991)

---

[2] Complying with the service requirements of Rule 4 regarding service of the United States when one of its employees or officers is sued is not a mere technicality; rather, the dictates for service under the Federal Rules of Civil Procedure must be followed. Veeck, 487 F.2d at 426.  Accordingly, the Northern District of New York denied as premature a plaintiff's motion for default judgment because the plaintiff served the Attorney General but not the United States Attorney for the Northern District of New York as required by Rule 4(i). Wagner v. Ashcroft, 214 F.R.D. 78, 81 (N.D.N.Y. 2003).  In concluding that default was unwarranted, the district court rejected the plaintiff's argument that service had been "ignored" since the appropriate officers were not all properly notified. Id. Similarly, here, Plaintiff failed to serve the requisite government officials, so his motion for default must be denied.

(finding an earlier judgment void because "[a] person is not bound by a judgment in a litigation to which he or she has not been made a party by service of process."). Since the President has not failed to defend against the suit (but rather has not been made a party to the suit through proper service), default is plainly inappropriate.

Plaintiff incorrectly asserts in his "proof of service," docs. 7 & 8, that he perfected service pursuant to Rule 4(e)(1), which authorizes service in accordance with state law governing courts of general jurisdiction. Plaintiff's argument fails for two reasons. First, the portion of Rule 4(e)(1) is subject to the exception enumerated in the preceding paragraph of Rule 4(e) ("Unless federal law provides otherwise . . . ."). Rule 4(i) provides specific rules governing the service of the United States and its officials thus triggering the exception contained in Rule 4(e) to service pursuant to state law.

Second, Rule 4(e)(1) governs the methods by which a party can be served—as distinguished from the rules for who must be served in specific instances to complete service. <u>See, e.g.</u>, Fed. R. Civ. P. 4(f), (g), (h), & (i). In fact, Rule 4.2(c) of the Arizona Rules of Civil Procedure (<u>cited by</u> Plaintiff at docs. 7 & 8 and cited by this Court at doc. 21 (denying Plaintiff's First Motion for Default Judgment)), provides merely for the method of serving out-of-state persons. <u>Id.</u> ("When the whereabouts of a party outside the state is known, service may be made by depositing the summons and a copy of the pleading being served in the post office, postage prepaid, to be sent to the person to be served by any form of mail requiring a signed and returned receipt.").

In accord with Rule 4, other portions of the Arizona Civil Procedure Rule 4.2 identify other persons and entities that must be served to perfect service, for example, on corporations, partnerships, foreign states, minors, and incompetents. It is clear that merely following the certified-mail method of service in Arizona does not satisfy those more particularized service sections of the Arizona Rules. Similarly, use of the certified-mail method of service under Arizona law does not abrogate the more particularized service requirements of Rule 4(f), (g), (h), and (i). Thus, it cannot be established, contrary to Plaintiff's assertion, that service on the President has been perfected merely by

sending a copy of the complaint and amended complaint to the White House.  Rather, Plaintiff must serve all the entities required under Rule 4(i), and, pursuant to Rule 4(e)(1), the method of service that he chooses to employ to serve an individual defendant can be executed in compliance with state law—namely, certified mail.  See Fed. R. Civ. P. 4(i)(3).  Here, it is quite clear that service has not been perfected because Plaintiff has not served the Attorney General or the United States Attorney for the District of Arizona, and this Court should thus deny Plaintiff's motion for default judgment.

Finally, entry of default judgment now, prior to Plaintiff perfecting service of the President, would deny the President any opportunity to defend against the suit and deprive him of his due process.  Hovey, 167 U.S. at 444; Galpin v. Page, 85 U.S. 350, 368-69 (1873) ("[N]o one shall be personally bound until . . . he has been duly cited to appear, and has been afforded an opportunity to be heard.  Judgment without such citation and opportunity . . . is judicial usurpation and oppression, and never can be upheld where justice is justly administered."); accord World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 291 (1980) ("Due process requires that the defendant be given adequate notice of the suit.").  It is axiomatic that this Court's authority, including this Court's authority to enter a default judgment, is limited by the requirements of due process.  Phoceene Sous-Marine, S.A. v. U.S. Phosmarine, Inc., 682 F.2d 802, 806 (9th Cir. 1982) (citing Hovey, 167 U.S. at 409, 413, 419, & 444-46; Sec. & Exch. Comm'n v. Seaboard Corp., 666 F.2d 414, 416-17 (9th Cir. 1982)).  Accordingly, entering a default judgment now, before the President is provided the opportunity to appear and be heard, is clearly inappropriate.

**II.   THIS COURT LACKS SUBJECT-MATTER JURISDICTION OVER PLAINTIFF'S LAWSUIT, NECESSITATING DISMISSAL OF THE CLAIMS AGAINST THE PRESIDENT AND DENIAL OF PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT.**

Further, Plaintiff's motion for default judgment—and, indeed, his lawsuit—must be dismissed because this Court lacks subject-matter jurisdiction over this case.  The Supreme Court has long held that "Article III of the Constitution limits the 'judicial

-5-

power' of the United States to the resolution of 'cases' and 'controversies.' . . . As an incident to the elaboration of this bedrock requirement, [the Supreme] Court has always required that a litigant have 'standing' to challenge the action sought to be adjudicated . . . ." Valley Forge Christian Coll. v. Ams. United for Separation of Church & State, Inc., 454 U.S. 464, 471 (1982). Since standing goes to this Court's very jurisdiction to entertain the matter, "[t]he party invoking federal jurisdiction bears the burden of establishing the[] elements" of standing." Lujan v. Defenders of Wildlife, 504 U.S. 555, 561 (1992).

Plaintiff, however, has not and cannot satisfy this burden. In order to satisfy the constitutional requirement for standing, a plaintiff must establish, inter alia, that he suffered an "'injury in fact'" that is "concrete and particularized"—meaning an injury that "affect[s] the plaintiff in a personal and individual way." Id. at 560-61 & n.1; cf. id. (identifying three requirements for standing, the first of which is injury in fact). Plaintiff's claim that the conduct of President Obama "depriv[ed him] of his Constitutional [sic] right to cast a legal vote within the State of Arizona in 2008," Am. Compl. ¶¶ 74, 82, and "caus[ed] illegal votes to be cast and counted," id. ¶¶ 74, 76, 80, 82 (emphasis added), falls far short of substantiating his standing. Instead, his claims support only his abstract theory (vigorously denied by the President and Senator McCain, see, e.g., doc. 18 at 12-13) that he, like other voters in Arizona and around the nation, were injured. In no way does Plaintiff attempt to distinguish the injury he supposedly sustained from that of other Arizonans or Americans. The Supreme Court, however, has "consistently held that a plaintiff raising [such] a generally available grievance . . . —claiming only harm to his and every citizen's interest in proper application of the Constitution and law, and seeking relief that no more directly and tangibly benefits him than it does the public at large—does not state an Article III case or controversy." Lujan, 504 U.S. at 573-74. In so stating, the Supreme Court cited a legion of cases in which it rejected claims by plaintiffs asserting rights possessed by every citizen as only a claimed infringement of a general right that does not entitle the plaintiff to institute a suit in

federal court. Id. at 574-576 (discussing Fairchild v. Hughes, 258 U.S. 126 (1922); Massachusetts v. Mellon, 262 U.S. 447 (1923); Ex Parte Lévitt, 302 U.S. 633 (1937) (per curiam); United States v. Richardson, 418 U.S. 166 (1974); Schlesinger v. Reservists Comm. to Stop the War, 418 U.S. 208 (1974)).

Moreover, the courts considering citizen lawsuits regarding the 2008 Presidential Election based on challenges to President Obama's and/or Senator McCain's citizenship have likewise concluded that the plaintiffs lack standing to bring their suits. Berg, 574 F. Supp. 2d at 509; accord Hollister, 601 F. Supp. 2d at 179; Dawson, 2009 WL 532617; Cohen, 2008 WL 5191864; Stamper, 2008 WL 4838073; see also Hollander v. McCain, 566 F. Supp. 2d 63, 67-71 (D. N.H. 2008).

Since this Court is without jurisdiction to entertain this suit, it should deny Plaintiff's default-judgment motion and, sua sponte, dismiss this action with prejudice before the President is served and required to respond. See Hollister, 601 F. Supp. 2d at 180; see generally Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 94-101 (1998).

**III. PLAINTIFF'S MOTION DOES NOT ESTABLISH A RIGHT TO RELIEF AS REQUIRED TO SUBSTANTIATE A MOTION FOR DEFAULT JUDGMENT AGAINST AN OFFICER OF THE UNITED STATES.**

Finally, the relief Plaintiff seeks—a default judgment—is "disfavored," Latshaw v. Trainer Wortham & Co., 452 F.3d 1097, 1103 (9th Cir. 2006), and should be entered "only in extreme circumstances," none of which are applicable here. Falk v. Allen, 739 F.2d 461, 463 (9th Cir. 1984). This is especially true because Plaintiff seeks a default judgment against an officer of the United States—the President.

Under Rule 55(d), a court may enter a default judgment against an officer of the United States "only if the claimant establishes a claim or right to relief by evidence that satisfies the court" (emphasis added). As the Ninth Circuit has held: the Federal Rules of Civil Procedure "plainly prohibit[] the entry of the default judgment" against an officer of the United States when the plaintiff presents only evidence regarding service and not

-7-

1 evidence demonstrating the claim for relief. Borzeka v. Heckler, 739 F.2d 444, 446 (9th
2 Cir. 1984). Here, Plaintiff presents no evidence with his motion for default judgment
3 supporting his claims for relief. Instead, Plaintiff presents only a document in which he
4 claims service has occurred and a computation of damages. See doc. 26. Such a
5 submission is clearly lacking.

**CONCLUSION**

For the reasons stated above, this Court should deny Plaintiff's Second Motion for Default Judgment and, sua sponte, dismiss this action with prejudice.

1 | DATED: July 20, 2009

Respectfully submitted,

TONY WEST
Assistant Attorney General
Civil Division
United States Department of Justice

TIMOTHY P. GARREN
Director, Torts Branch

MARY HAMPTON MASON
Senior Trial Counsel, Torts Branch


s/Andrew D. Silverman
ANDREW D. SILVERMAN
Trial Attorney
Civil Division, Torts Branch
Constitutional Tort Litigation Section

Attorneys for Defendant President Barack Obama in his official capacity

# **CERTIFICATE OF SERVICE**

I hereby certify that on July 20, 2009, I electronically filed the foregoing "PRESIDENT BARACK OBAMA'S OPPOSITION TO PLAINTIFF'S SECOND MOTION FOR DEFAULT JUDGMENT" with the Clerk of the Court using the CM/ECF system, which will automatically send email notification of such filing to the following attorneys of record:

David J. Bodney
Steptoe & Johnson LLP
Collier Center
201 East Washington Street
Suite 1600
Phoenix, Arizona 85004-2382
dbodney@steptoe.com

I certify that on July 20, 2009, I caused to be served by first class U.S. Mail, postage prepaid, a true and correct copy of the foregoing "PRESIDENT BARACK OBAMA'S OPPOSITION TO PLAINTIFF'S SECOND MOTION FOR DEFAULT JUDGMENT" addressed as follows:

Clark Hamblin
Plaintiff
12406 N. 130th Lane
El Mirage, Arizona 85335
(623) 972-5213

This 20th day of July, 2009,

s/Andrew D. Silverman
ANDREW SILVERMAN
Trial Attorney
United States Department of Justice
Torts Branch, Civil Division
P.O. Box 7146
Ben Franklin Station
Washington DC 20044