STEPTOE & JOHNSON LLP
Collier Center
201 East Washington Street
Suite 1600
Phoenix, Arizona 85004-2382
Telephone: (602) 257-5200
Facsimile: (602) 257-5299

David J. Bodney (006065)
Aaron J. Lockwood (025599)

Attorneys for defendant John S. McCain

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| Clark Hamblin,<br><br>    Plaintiff,<br><br>vs.<br><br>Barack Obama and John S. McCain,<br><br>    Defendants. | No. CV 09-00410-PHX-ROS<br><br>**RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR SANCTION**<br><br>(Assigned to the Honorable Roslyn O. Silver) |

<u>Preliminary Statement</u>

Plaintiff's latest Motion underscores the need to bring this frivolous lawsuit to an end. By filing a Motion for Sanction (the "Motion"), plaintiff continues to expand these proceedings needlessly and increase the cost of litigation for everyone involved. Filed in response to defendant McCain's Motion to Dismiss, plaintiff's Motion wrongfully accuses defendant's counsel of litigating in a manner "solely intended for an improper purpose as to harass Plaintiff, and mislead this Honorable Court . . . ." [Motion at 3] The accusation is provably false. Indeed, when plaintiff first notified defendant McCain's attorneys of his intent to file the Motion, McCain's counsel sent plaintiff a letter explaining why the Motion was unfounded, discouraging him from obliging defendant to incur additional legal expenses to litigate this issue. [Plaintiff's Request for Leave (Dkt. 32), Ex. A (David Bodney's July 27, 2009 letter)] Defendant's counsel also warned plaintiff that his filing of the Motion would entitle defendant to

seek "reimbursement of his attorneys' fees reasonably incurred in responding to a meritless Motion." [*Id.* at 2] Nevertheless, plaintiff has filed a palpably meritless Motion, which, as this brief Response will show, should be promptly denied.[1]

Argument

I. PLAINTIFF'S MOTION FAILS TO IDENTIFY ANY CONDUCT JUSTIFYING RULE 11 SANCTIONS.

The thrust of Rule 11 is to prevent baseless filings. *E.g.*, *United States* ex rel. *Robinson Racheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 254 (9th Cir. 1992). Sanctions may be imposed only where an attorney fails to conduct a reasonable inquiry to determine that her papers are legally tenable, well grounded in fact and not interposed for an improper purpose. *See, e.g., id.* (reversing sanctions award where claim was tenable in light of unclear law); *Greenberg v. Sala*, 822 F.2d 882, 886-87 (9th Cir. 1987) (affirming denial of sanctions where factual errors did not render complaint factually frivolous); *Zaldivar v. City of Los Angeles*, 780 F.2d 823, 834-35 (9th Cir. 1986) (reversing sanctions award where successive filings did not amount to harassment), *abrogated on other grounds*, *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 399 (1990). Plaintiff's Motion falls far short of the Rule 11 standards, and fails to point to *any* conduct that warrants sanctions on *any* basis.

Specifically, plaintiff characterizes two aspects of McCain's Motion to Dismiss as either baseless or improper: (1) its citation to an act of the First Congress that was superseded by subsequent legislation; and (2) its assertion that McCain was born within the Panama Canal Zone, which, at the time of his birth, was sovereign U.S. territory. For the following reasons, neither of plaintiff's objections has merit.

---

[1] On July 30, 2009, plaintiff filed a Request for Leave to File a Motion for Sanction Nunc Pro Tunc (Dkt. 32) (the "Request"), lodging his proposed Motion for Sanction (Dkt. 33) with the Court. In the interests of cost-efficiency and expediency, Sen. McCain responds directly to the merits of plaintiff's Motion for Sanction, with the understanding that plaintiff's Request is procedurally unnecessary and ultimately intended to secure a ruling on his Motion.

First, plaintiff misconstrues the purpose for which Sen. McCain cited the Naturalization Act of 1790. The Motion to Dismiss neither asserts nor implies that the Act is still in effect or operates as controlling authority. Rather, the Motion to Dismiss relies on the Act as a means of constitutional interpretation. Many members of the First Congress who passed the 1790 Act participated in the framing of the Constitution. *E.g.*, *Marsh v. Chambers*, 463 U.S. 783, 790 (1983). As a result, the Supreme Court has repeatedly recognized their views as valuable in giving meaning to the Constitution's terms. *See, e.g., id.* (finding Acts of the First Congress to be "contemporaneous and weighty evidence of [the Constitution's] true meaning"); *Bowsher v. Synar*, 478 U.S. 714, 723 (1986) (same). In this case, the Act stands for the proposition that the Framers considered a person born abroad to U.S. citizens, as McCain was, to be a "natural born Citizen" within the meaning of the Constitution. [Motion to Dismiss at 13] McCain may properly rely on the Act for this interpretative purpose to respond to plaintiff's allegations, and defendant brought these facts to Mr. Hamblin's attention by letter dated July 27, 2009 (served via Federal Express) before plaintiff filed his Motion. [Dkt. 32, Ex. A]

Second, plaintiff challenges McCain's claim that he was born within the Panama Canal Zone. Plaintiff alleges that McCain was born in the City of Colon, Republic of Panama, at the Hospital of Colon. [Am. Compl. ¶ 18] In fact, McCain was born on the U.S. Coco Solo Naval Air Station, which in 1936 was part of the Panama Canal Zone and sovereign U.S. territory. *See, e.g., O'Connor v. United States*, 479 U.S. 27, 28 (1986) ("From 1904 to 1979, the United States exercised sovereignty over the Panama Canal and the surrounding 10-mile-wide Panama Canal Zone under the Isthmian Canal Convention, 33 Stat. 2234."); *see also United States v. Wong Kim Ark*, 169 U.S. 649, 655 (1898) (borrowing the principle from English common law that those born within the King's jurisdiction are natural-born subjects). McCain has ample evidence documenting his birth at the family hospital on the Naval base, and his counsel explained by letter to plaintiff that McCain could readily produce proof if ever this case

merited discovery. Nevertheless, plaintiff filed his Motion in utter disregard of the facts and law.

Plaintiff also suggests that McCain intentionally mischaracterized his allegations in an attempt to harass him. The allegations of plaintiff's Amended Complaint, however, speak for themselves. Indeed, the Motion to Dismiss expressly takes all of plaintiff's factual allegations as true, and discusses the disputed issue of McCain's place of birth only to show that plaintiff's claims lack legal merit, as the Motion to Dismiss discusses. [*See* Motion to Dismiss at 12-13 (explaining briefly that Senator McCain is, in fact, a "natural born Citizen" eligible for the Presidency)]

## II. PLAINTIFF'S FRIVOLOUS RULE 11 MOTION WARRANTS AN AWARD OF REASONABLE ATTORNEYS' FEES AND COSTS.

Despite the letter from McCain's counsel showing that a sanctions motion would be unfounded, plaintiff proceeded to file it. Plaintiff knowingly and unreasonably expanded these proceedings, thereby requiring defendant to incur additional fees and costs. If McCain prevails on this Motion, as the law requires, defendant requests an award of his reasonable attorneys' fees and costs pursuant to the fee-shifting provision of Rule 11(c)(2). Plaintiff's knowing conduct also evidences bad faith, and the Court may award McCain his fees and costs pursuant to 28 U.S.C. § 1927. *See Wages v. I.R.S.*, 915 F.2d 1230, 1235-36 (9th Cir. 1990) (holding that § 1927 sanctions may be imposed on a pro per plaintiff for bad-faith conduct).

## Conclusion

For the foregoing reasons, the Court should deny plaintiff's Motion for Sanction and award defendant John S. McCain his attorneys' fees and costs reasonably incurred in preparing this Response.

/ / /

1  RESPECTFULLY SUBMITTED this 10th day of August, 2009.

2  STEPTOE & JOHNSON LLP

3

4  By /s/ David J. Bodney
   David J. Bodney
5  Aaron J. Lockwood
   Collier Center
6  201 East Washington Street
   Suite 1600
7  Phoenix, Arizona 85004-2382

8  Attorneys for Defendant John S. McCain

CERTIFICATE OF SERVICE

I hereby certify that on the 10th day of August, 2009 I caused the attached document to be electronically transmitted to the Clerk's Office using the CM/ECF System for filing. I further certify that I caused a copy of the attached document to be mailed on the 10th day of August, 2009 to:

Hon. Roslyn O. Silver
United States District Court
Sandra Day O'Connor U.S. Courthouse
Suite 624
401 West Washington Street, SPC59
Phoenix, Arizona 85003-2158

Clark Hamblin
12406 N. 130th Lane
El Mirage, Arizona 85335
Plaintiff

/s/ Angela Wilmot
Legal Secretary