1  WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Clark Hamblin, | No. 09-cv-00410-PHX-ROS |
| Plaintiff, | **ORDER** |
| vs. | |
| Barack Obama; John S. McCain, | |
| Defendants. | |

Before the Court is Defendant McCain's Motion to Dismiss. (Doc. 18.) Because the court does not have jurisdiction to hear Plaintiff's complaint, the motion will be granted.

BACKGROUND

Defendants were the candidates for President of the United States offered by the two largest political parties, and together received 98.6% of the popular votes cast and 100% of the electoral votes.[1] Defendant Obama won the election and was sworn in as President. (Doc. 4 at 12.) Plaintiff alleges that neither Defendant was eligible to hold the office of President of the United States. (Doc. 4 *passim.*) Accordingly, Plaintiff alleges that Defendants' campaigns for the Presidency were predicated on fraudulent statements made by Defendants. (Doc. 4 at 15.) Plaintiff alleges those campaigns abridged Plaintiff's

---

[1] 2008 Official Presidential General Election Results, Federal Election Commission (Jan. 22, 2009), available at http://www.fec.gov/pubrec/fe2008/2008presgeresults.pdf.

constitutionally-protected rights. (Doc. 4 at 14-16.) Furthermore, Plaintiff alleges Defendants conspired to commit the fraud that abridged his rights. (Doc. 4 at 16-17.) Finally, Plaintiff alleges intentional infliction of emotional distress resulting from Defendants' fraudulent acts. (Doc. 4 at 17-18.)

## ANALYSIS

The Constitution limits the jurisdiction of federal courts. U.S. Const. art. III § 2. One such limit is that a federal court cannot adjudicate a controversy unless it is brought by a party who has standing to sue. <u>Schlesinger v. Reservists Comm. to Stop the War</u>, 418 U.S. 208, 220 (1974). Standing to sue comes from having a sufficient stake in the controversy being presented. <u>Sierra Club v. Morton</u>, 405 U.S. 727, 731 (1972). But "standing to sue may not be predicated upon an interest . . . held in common by all members of the public." <u>Schlesinger</u>, 418 U.S. at 220.

Plaintiff's alleged injuries flow from Plaintiff's interest in voting for eligible candidates for elected office. Plaintiff's interest is held in common by all members of the public. That common interest does not confer standing on Plaintiff. As a result, the Court cannot adjudicate Plaintiff's complaint, and the case must be dismissed in its entirety.

Accordingly,

**IT IS ORDERED** that Defendant's Motion to Dismiss (Doc. 18) is **GRANTED**.

**FURTHER ORDERED** that Plaintiff's claims are **DISMISSED WITH PREJUDICE.**

**FURTHER ORDERED** that all other pending motions (Docs. 11, 26, 31, 32) are **DISMISSED AS MOOT**.

DATED this 13th day of August, 2009.

Roslyn O. Silver
United States District Judge